IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| FLORA JEAN SHORTER, IN HER CAPACITY AS ADMINISTRATIX OF THE ESTATE OF THE DECEASED, RONNIE LEE SHORTER; AND QUINDARIUS JAMAL KHYDELL SMITH | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 4:20-CV-00010-MPM-JMV |
| CITY OF GREENVILLE, MS; ERRICK D. SIMMONS, IN HIS INDIVIDUAL CAPACITY AND AS ACTING MAYOR DEFENDANT CITY OF GREENVILLE, MISSISSIPPI; DARREL SAXTON, IN HIS INDIVIDUAL CAPACITY; STEVEN TORREY, IN HIS INDIVIDUAL CAPACITY; JULIAN PHILLIPS, IN HIS INDIVIDUAL CAPACITY; JAMES EVANS, IN HIS INDIVIDUAL CAPACITY; TABARI THOMAS, IN HIS INDIVIDUAL CAPACITY; AND JOHN DOE POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES | DEFENDANTS |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendants the City of Greenville, Mississippi; Errick D. Simmons; James Evans; and Steven Torrey ("Defendants") submit the following affirmative defenses and answer to Plaintiffs' Amended Complaint ("Complaint").

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries were not caused by a policy or custom of the City of Greenville, Mississippi. Therefore, there can be no municipal liability under federal law.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the City, Mayor Simmons, Officers Evans, or Officer Torrey in their official capacities.

**FIFTH AFFIRMATIVE DEFENSE**

While denying that Plaintiffs are entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Mississippi and U.S. Constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have not pled any state law claims. However, because the same are referenced in the Complaint , and out of an abundance of caution, Defendants plead all applicable provisions of the Mississippi Tort Claims Act, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, all immunity provisions, and no right to a jury trial.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants plead estoppel, both equitable and judicial, the defenses of collateral estoppel and res judicata, waiver, laches, and privilege.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' own actions, the actions of the Decedent Ronnie Shorter ("Decedent"), or the actions of a third party for whom Defendants are not responsible were the proximate and superseding cause of any damages Plaintiffs or Decedent are alleged to have sustained. Defendants invoke all applicable contribution and comparative fault principles.

2

### NINTH AFFIRMATIVE DEFENSE

Defendants assert the right to rely upon any after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Decedent failed to mitigate any damages they are alleged to have suffered.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve all available defenses under Federal Rule of Civil Procedure, including but not limited to Rules eight and 12.

### THIRTEENTH AFFIRMATIVE DEFENSE

Errick Simmons, James Evans, and Steven Torrey are entitled to qualified immunity and, even if state law claims were pled, course-and-scope immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking special damages, Plaintiffs have failed to plead such damages with the specificity required by Federal Rule of Civil Procedure 9(g).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants plead all statutory damages caps, including those applicable to requests for punitive or compensatory damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of good faith and/or honest belief.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of unclean hands.

## ANSWER

Without waiving any affirmative defenses, Defendants respond to Plaintiffs' Complaint as follows:

## INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint except to admit that Ronnie Shorter had a gun in his hand when he exited the home, as alleged in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except to admit that the Court has jurisdiction over this matter.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint, except to admit that venue is proper in this Court.

5. Defendants deny that Plaintiffs are entitled to a trial by jury in this matter.

## PARTIES

1. Defendants deny the allegations contained in this Paragraph 1 of the Complaint for lack of sufficient information.

2. Defendants deny the allegations contained in this Paragraph 2 of the Complaint for lack of sufficient information.

3. Defendants deny the allegations contained in this Paragraph 3 of the Complaint except to admit that the City of Greenville, Mississippi is a political subdivision of the State of Mississippi.

4. Defendants deny the allegations contained in this Paragraph 4 of the Complaint as stated.

Case: 4:20-cv-00010-MPM-JMV Doc #: 53 Filed: 12/04/20 5 of 12 PageID #: 154

5. The allegations contained in this Paragraph 5 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

6. The allegations contained in Paragraph 6 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

11. The allegations contained in Paragraph 11 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied.

12. The allegation contained in Paragraph 12 of the Complaint states a legal conclusion and, therefore, no response is required.

## FACTUAL ALLEGATIONS

**The Unlawful Killing of Ronnie Shorter**

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information.

PD.30391494.1

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except to admit that the Greenville Police Department received a call about shots fired.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint for lack of sufficient information.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint, except to admit that Ronnie Shorter had a gun in his hand when he exited the home, as alleged in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint, except to admit that Ronnie Shorter had a gun in his hand when he exited the home, as alleged in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint for lack of sufficient information.

**The City of Greenville's Efforts to Bury the Truth**

42. The allegations contained in Paragraph 42 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information.

43. The allegations contained in Paragraph 43 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information.

44. The allegations contained in Paragraph 44 of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## COUNT I
### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations: Unreasonable Seizure
### (Against all Defendants)

51. Defendants incorporate their prior responses in response to Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 of the Complaint state a legal conclusion and, therefore, no response is required.

56. The allegations contained in Paragraph 56 of the Complaint state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to attorney's fees.

## COUNT II
### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment: Excessive Force (Against Defendants Saxton, Torrey, Phillips, Evans, Thomas and John Doe Police Officers)

57. Defendants incorporate their prior responses in response to Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 of the Complaint state a legal conclusion and, therefore, no response is required.

62. The allegations contained in Paragraph 62 of the Complaint state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to attorney's fees.

## COUNT III
### 42 U.S.C. § 1983 – First and Fourteenth Amendment: Due Process and Access to Courts

63. Defendants incorporate their prior responses in response to Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. The allegations contained in Paragraph 69 of the Complaint state a legal conclusion and, therefore, no response is required.

70. The allegations contained in Paragraph 70 of the Complaint state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to attorney's fees.

## COUNT IV
### 42 U.S.C. § 1983: Municipal Liability
### *Monell* Claim against Defendant City of Greenville for Failure to Train, Failure to Discipline, Failure to Supervise, and for a Custom of Conducting Unreasonable Search and Seizures and Use of Excessive Force

71. Defendants incorporate their prior responses in response to Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint, including the allegations in sup-paragraphs (a) through (c).

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. The allegations contained in Paragraph 76 of the Complaint state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to attorney's fees.

## **PRAYER FOR RELIEF**

The allegations contained in the unnumbered paragraph of the complaint following paragraph 76, beginning with "WHEREFORE," do not appear to require a response but, to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever in this case, including the relief requested in sub-paragraphs (a) through (c).

Defendants deny all allegations contained in the Complaint other than those specifically admitted to herein.

Consistent with these answers and affirmative defenses, Defendants request that the Amended Complaint be dismissed, with all costs taxed to Plaintiffs, and that an award of attorney's fees be provided to Defendants.

Dated: December 4, 2020.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**


BY:  /s/ H. David Clark, III
     G. Todd Butler, MB #102907
     H. David Clark, III, MB #104165
     4270 I-55 North
     Jackson, Mississippi 39211-6391
     Post Office Box 16114
     Jackson, Mississippi 39236-6114
     Telephone: 601-352-2300
     Telecopier: 601-360-9777
     Email: todd.butler@phelps.com
           clarkt@phelps.com
     ***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

I certify that, on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, and sent a copy of the foregoing by U.S. Mail, First Class Postage Prepaid, to the following:

Flora Jean Shorter
Quindarius Jamal Khydell Smith
1020 Goethal Street
Greenville, MS 38701

***PRO SE PLAINTIFFS***

*/s/ H. David Clark, III*
H. David Clark, III

12

PD.30391494.1