**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FLORA JEAN SHORTER in her capacity**          **PLAINTIFFS**
**as administratrix of the estate of the**
**deceased, Ronnie Lee Shorter; AND**
**QUINDARIUS JAMAL KHYDELL**
**SMITH**

**V.**          **NO: 4:20CV10-M-JMV**

**CITY OF GREENVILLE, MS, ET AL.**          **DEFENDANTS**

## <u>MEMORANDUM OPINION</u>

This cause comes before the Court on Defendants Julian Phillips, Darrel Saxton, and Tabari Thomas' ("Municipal Defendants") Motion to Dismiss for Untimely Service of Process [97]. Plaintiffs have responded in opposition to this motion, and the Court having considered the submissions of both parties is prepared to rule.

### Factual and Procedural Background

Plaintiffs' complaint [1] was filed on January 21, 2020, one day before the statute of limitations was set to expire. The complaint alleged that on January 21, 2017, the Municipal Defendants and two other officers responded to a 911 call directing them to the home of Ronnie Shorter. While at Ronnie Shorter's residence, Ronnie Shorter was shot and killed by the responding officers. The plaintiffs also filed motions to proceed in forma pauperis, which the Court granted. The Court's order stated that the Clerk shall issue process for the defendants named in the complaint and the United States Marshal shall serve the summonses and complaint pursuant to 28 U.S.C. § 1915. Plaintiffs were required to provide addresses for all defendants, including the Municipal Defendants, and the plaintiffs provided three different addresses for each individual defendant. The summonses for the Municipal Defendants were returned unexecuted, stating that

service had been attempted at the work addresses provided by the plaintiffs. The record shows that no further attempts of service were made by the United States Marshal. The Municipal Defendants did not file responsive pleadings, as while they were named defendants, they were not served with process.

On March 31, 2021, plaintiffs first obtained counsel. Once plaintiffs obtained counsel, plaintiffs attempted to serve their first set of discovery requests on July 13, 2021. At this time, plaintiffs became aware that the Municipal Defendants had not been served with process. A summons was issued on July 23, 2021, for the Municipal Defendants and the Municipal Defendants were served shortly after. The record shows the Summons returned executed for Darrel Saxton and Julian Phillips, but Municipal Defendants' counsel understands that Tabari Thomas was served on August 6, 2021. On August 20, 2021, Municipal Defendants filed a Motion to Dismiss for Untimely Service.

## Discussion

Federal Rule of Civil Procedure 4(m) states that a plaintiff has 90 days after the complaint is filed to serve a defendant. Fed. R. Civ. P. 4(m). Rule 4(m) also permits the Court to dismiss a case without prejudice if the plaintiff fails to serve the defendant in this time frame, but if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. *Id*. However, even if the plaintiff lacks good cause, the Court has discretion to extend the time for service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 325 (5th Cir 2008)).

Plaintiffs first argue that good cause has been shown, as they state every effort was made to provide the United States Marshal with the needed information to serve process. When the Court grants leave to proceed in forma pauperis, the plaintiff is entitled to have service effected by

the United States Marshal. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). The plaintiff is "entitled to rely upon service by the United States Marshal and should not be penalized for failure of the Marshal to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff should also "attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id*.

Municipal Defendants argue that once plaintiffs became aware of the Marshal's failure to serve process, the plaintiffs could not "remain silent," but instead must "attempt to remedy any apparent service defects which [they have] knowledge." *Id*. Plaintiffs state that three addresses were provided for each of the Municipal Defendants, but the returned unexecuted summonses showed that service had only been attempted at the Municipal Defendants' work addresses. Plaintiffs' argument is based on their reliance on the United States Marshal to effect service, and their belief that service would be at least attempted at the other addresses provided.

While the plaintiffs were required to "attempt to remedy any apparent service defects which [they have] knowledge," it appears to the Court that the plaintiffs were unaware that the Marshal would not make any further attempts of service using the other two provided addresses for the Municipal Defendants. The only evidence on the record that shows an alleged service defect is the returned unexecuted summonses, which stated service was only attempted at the work addresses, leaving the plaintiffs to believe that the Marshal would attempt service using the other addresses provided by the plaintiffs. However, this was not done by the Marshal, thus the Court concludes that good cause exists for the plaintiffs' failure to timely effect service, but the Court must consider additional circumstances, most importantly the plaintiffs obtaining counsel on March 31, 2021.

3

Defendants argue that the plaintiffs' untimely service of process continued even once counsel was obtained by the plaintiffs. The plaintiffs had counsel for 123 days before attempting service on Saxton, 124 days for Phillips, and 126 days for Thomas. To establish good cause for the additional time service was not attempted there must be "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher*, 709 F.3d at 511 (quoting *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985)). Plaintiffs seem to admit that the failure to serve the Municipal Defendants for approximate four months after obtaining counsel was "simple inadvertence" or "mistake of counsel," as the failure to serve process was discovered by plaintiffs' counsel when attempting to serve discovery requests on the Municipal Defendants. Defendants argue that a review of the docket would have pointed out to plaintiffs' counsel that service had not been properly made. Therefore, the Court finds that good cause does not exist for this approximate four-month delay to serve process after obtaining counsel.

However, the Court has discretion to extend the time for service even when a plaintiff fails to show good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). A discretionary extension may be warranted in the absence of good cause "if the applicable statute of limitations would bar the refiled action…" Fed. R. Civ. P. 4(m), advisory committee's note (1993). Also, since plaintiffs filed this suit one day before the expiration of the statute of limitations, the Court must apply a heightened standard. If "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan*, 546 F.3d at 326. Dismissal of this claim would be with prejudice, and a "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lessor sanction would not

4

better serve the interests of justice.' *Millan*, 546 F.3d at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). Generally, at least one of three aggravating factors is found when dismissing a case with prejudice, which are: "(1) delay caused by [the] plaintiff and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

While the delay could be considered substantial, the delay was not the fault of the plaintiffs. According to the record, plaintiffs initially provided all needed information to the Court so the Marshal could serve the Municipal Defendants. The plaintiffs were aware that the first attempted service of the Municipal Defendants was returned unexecuted, but the plaintiffs were also aware that service was only attempted at one of the three addresses provided by the plaintiffs. The Marshal had the duty to serve process on these defendants while the plaintiffs proceeded in forma pauperis, and the failure to do so cannot be attributed to the plaintiffs under these circumstances.

Defendants argue that allowing the Municipal Defendants to remain in the case would be prejudicial, as they have not had the opportunity to participate in litigation, gather or retain documents, or participate in discovery. As the record shows, discovery in this case has been minimal, with the discovery deadlines consistently being extended. Further, the first discovery requests in this case were first served July 13, 2021. The case has only picked up speed in the recent few months, which the Court finds would not cause actual prejudice to the Municipal Defendants.

There does not appear to be any intentional conduct causing delay in this case. The main conduct leading to this delay was the Marshal's failure to serve process, and the plaintiffs' counsels' mistake in failing to notice that the Municipal Defendants had not yet been served with process. Also, there was certainly not any contumacious conduct on part of the plaintiffs.

The Court concludes that a lesser sanction than a dismissal with prejudice would better serve the interests of justice, as a dismissal with prejudice would be unreasonably harsh given the circumstances of the untimely service. The interests of justice would be better served by the Court using its discretion under Rule 4(m) to allow additional time for effecting service.

### Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the Municipal Defendants' Motion to Dismiss for Untimely Service of Process [97] is **DENIED**. Further, it is hereby **ORDERED** that the Municipal Defendants' Motion for Extension of Time to File Response/Reply [113] is **MOOT**.

SO ORDERED, this 21st day of December, 2021.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI